USDC IN/ND case 2:22-cv-00123-TLS   document 5   filed 03/31/22   page 1 of 8

64D01-2203-CT-002749
Porter Superior Court

Filed: 3/31/2022 3:30 PM
Clerk
Porter County, Indiana

| | |
|---|---|
| STATE OF INDIANA<br>PORTER COUNTY | IN THE PORTER SUPERIOR/CIRCUIT COURT |
| RODOLFO MARTINEZ<br>　　Plaintiff, | )<br>)<br>) |
| v. | )　CAUSE NO.: |
| STATE FARM FIRE AND CASUALTY<br>COMPANY<br>　　Defendant. | )<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff, Rodolfo Martinez, by counsel Meghann Chonowski of HAIR SHUNNARAH TRIAL ATTORNEYS and respectfully files his complaint for damages against defendant, State Farm Fire and Casualty Company ("State Farm").

*Parties*

1. At all times relevant hereto, Plaintiff is a resident of Porter County, Indiana.

2. At all times relevant hereto, State Farm, is and has been an insurance company, doing business and selling policies of homeowner's insurance in the state of Indiana.

3. At all times relevant hereto, State Farm has been licensed by the Indiana Department of Insurance to issue property owner's insurance policies to Indiana residents.

*Facts*

4. At all times relevant hereto, Plaintiff was covered under a policy of homeowner's insurance coverage with Defendant under policy No. 14-BFU3827 (A true and accurate copy of the purported policy is attached hereto as **Exhibit "A".**)

5. The Policy provided coverage for Plaintiff's dwelling located at 6809 Lakeshore Drive, Portage, Indiana 46368 the (hereinafter, the "Dwelling"), as well as the personal property therein.

6. On April 7, 2020, Plaintiff suffered a loss as a result of wind and hailstorm (the "Loss").

7. The Loss was a covered "loss" as defined by the aforementioned insurance policy and it was assigned Claim No. 1406H456C. Defendant failed to account for all the damages to restore the Plaintiff's property and substantially undervalued the amount of the loss. Plaintiff and Defendant were unable to come to an agreement as to the amount of the loss.

8. Pursuant to the Policy, if the parties fail to agree on the amount of the "loss", either may demand an appraisal of the "loss". The full appraisal provision provides as follows:

> **Appraisal.**
>
> **If you and we fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only you or we may demand appraisal. A demand for appraisal must be in writing. You must comply with SECTION I – CONDITIONS, Your Duties After Loss before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.**
>
>> a. Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.
>>
>> b. The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them. In all instances the written report of agreement will be itemized and state separately the actual cash value, replacement cost, and if applicable, the market value of each item in dispute. The written report of agreement will set the amount of the loss of each item in dispute and will be binding upon you and us.
>>
>> c. If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, disinterested umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:

**(1) you or we may make a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the residence premises is located to select an umpire;**
**(2) the party requesting the selection described in item c.(1) must provide the other party:**
    **(a) written notice of the intent to file, identifying the specific location and identity of**
    **the court at least 10 days prior to submission of the written application; and**
    **(b) a copy of the written application; and**
**(3) a written report of agreement, as required in item b., signed by any two (appraisers or appraiser and umpire) will set the amount of the loss of each item in dispute and will be binding upon you and us. In all instances the written report of agreement will be itemized and state separately the actual cash value, replacement cost, and if applicable, the market value of each item in dispute.**

**d. To qualify as an appraiser or umpire for a loss to property described in COVERAGE A – DWELLING, a person must be one of the following and be licensed or certified as required by the applicable jurisdiction:**
    **(1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute;**
    **(2) an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute; or**
    **(3) a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute.**
**e. A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer:**
    **(1) has performed services for either party with respect to the claim at issue in the appraisal; or**
    **(2) has a financial interest in the outcome of the claim at issue in the appraisal.**
**f. Each party will be responsible for the compensation of their selected appraiser.**
**Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by you and us.**
**g. You and we do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.**
**h. Appraisal is only available to determine the amount of the loss of each item in dispute.**
**The appraisers and the umpire have no authority to decide:**

> **(1) any other questions of fact;**
> **(2) questions of law;**
> **(3) questions of coverage;**
> **(4) other contractual issues; or**
> **(5) to conduct appraisal on a class-wide basis.**
> **i. Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.**
> **j. A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.**
> **An appraiser with a financial interest in the claim or outcome of the appraisal does not meet the policy requirement that he or she be disinterested. If your appraiser has a financial interest in the claim or the outcome of the appraisal, we will object to the selection of the appraiser and may seek to void any award entered under these circumstances.**

9. On January 27, 2021, Defendant received Plaintiff's demand for appraisal. Plaintiff named his appraiser, Ben Perry of Coastal Claims. The policy requires the carrier, here the defendant, to name its appraiser with 20 days of receiving the appraisal demand by the insured.

10. On October 19, 2021, nine months later, defendant named its appraiser, Steven Thomas.

11. On October 20, 2021, Plaintiff's appraiser transmitted his report to State Farm's appraiser.

12. On February 24, 2022, State Farm's appraiser transmitted his report Plaintiff's Appraiser.

13. The appraisers were unable to come a resolution to the amount of the loss. The appraisers thereafter agreed to Chris Hallam as the Umpire for the appraisal, and each signed acknowledgment of the same. (Attached hereto as **Exhibit "B"** is the signed declaration of appraisers).

14. The appraisal process is ongoing. Counsel for the Plaintiff requested the Defendant agree to toll the statute of limitations due to the pending appraisal process, but the Plaintiff has not received a response.

## COUNT I – BREACH OF CONTRACT/NEGLIGENCE

1-14) Plaintiff repeats and re-alleges rhetorical paragraphs 1-14, as if fully reincorporated herein.

15) The Policy is a valid contract ("Contract") between the Plaintiff and State Farm.

16) In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by State Farm to exercise a covenant of good faith and fair dealing toward the Plaintiff.

17) State Farm has breached its Contract with the Plaintiff in one or more of the following ways:

   a) Misrepresenting the terms and conditions of coverage;

   b) Failing and refusing to pay for necessary repairs or remediation;

   c) Misrepresenting State Farm's policies regarding payment of coverages;

   d) Failing and refusing to pay the full cost to repair the Plaintiff's damaged dwelling, without legal excuse or justification;

   e) Failing and refusing to pay the Plaintiff pursuant to the replacement cost coverage for which the Plaintiff paid additional premiums and costs;

   f) Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

   g) Failing and/or refusing to properly inspect and/or investigate the loss;

   h) Failing to exercise good faith and fair dealing in its handling of the Plaintiff's

USDC IN/ND case 2:22-cv-00123-TLS    document 5    filed 03/31/22    page 6 of 8

Claim; and

i) Refusing to comply with the appraisal provision within its own policy.

18) State Farm further failed to exercise reasonable care in the handling of the Plaintiff's claim.

19) As a direct and proximate result of State Farm's breach of contract and/or negligence with the Plaintiff, the Plaintiff has suffered consequential damages, including but not limited to:

a) The loss and damage to his Residence without indemnification provided for in the Policy;

b) The loss of use of property and other insurance benefits;

c) The increased cost to repair and/or replace the property insured; and

d) Other consequential damages.

WHEREFORE, Plaintiff, Rodolfo Martinez by counsel, respectfully requests judgment in his favor and against defendant State Farm Fire and Casualty Company, and further requests the following relief:

A. For the payment of all proceeds available and due under the Policy;

B. For all reasonable compensatory and consequential damages;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

D. For all other just and proper relief in the premises.

Respectfully submitted,

HAIR SHUNNARAH TRIAL ATTORNEYS

BY: _____
Meghann Chonowski, Esq. #35143-64

Page 6 of 8

>2005 Valparaiso Street, Suite 122
>Valparaiso, Indiana 46383
>(219) 247-8700
>meghann@hairshunnarah.com
>Counsel for Plaintiff

## COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH

1-19) Plaintiff repeats and re-alleges rhetorical paragraphs 1-19, as if fully reincorporated herein.

20) In addition to breaching its Contract with the Plaintiff, State Farm further breached its covenant of good faith and fair dealing with the Plaintiff in one or more of the following manners:

   a. By making an unfounded refusal to pay policy proceeds to the Plaintiff;

   b. By causing an unfounded delay in making payment to the Plaintiff;

   c. By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

   d. By attempting to exercise any unfair advantage to pressure the Plaintiff into a settlement of his claim; and

   e. By compelling the Plaintiff to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

21) State Farm actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing to the Plaintiff and has resulted in additional injury and damage to the Plaintiff, including but not limited to consequential damages and emotional distress.

WHEREFORE, Plaintiff Rodolfo Martinez, by counsel, respectfully requests judgment in his favor and against defendant State Farm Fire and Casualty Company, and further requests the following relief:

A. For all reasonable compensatory and consequential damages at law;

B. For all recoverable punitive damages at law;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

D. For all other just and proper relief in the premises.

Respectfully submitted,

HAIR SHUNNARAH TRIAL ATTORNEYS

BY: _____
Meghann Chonowski, Esq. #35143-64
2005 Valparaiso Street, Suite 122
Valparaiso, Indiana 46383
(219) 247-8700
meghann@hairshunnarah.com
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

*I certify that on the 31st day of March, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).*

BY: */s/ Meghann L. Chonowski*
    Meghann L. Chonowski